IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY SHANE FARR | § | |
| | § | CIVIL ACTION NO. 6:04cv516 |
| ADAN RODRIGUEZ, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Larry Farr, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Farr's lawsuit revolves around his complaint that he is mis-classified as a gang member. He also challenges various aspects of his confinement and the process given to inmates accused of gang membership.

The Magistrate Judge conducted an evidentiary hearing on June 14, 2005. Following this hearing, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge reviewed Farr's complaints and determined that he had received all of the process which he was due, that he had not been subjected to cruel and unusual punishment, and that his rights under the Equal Protection Clause, the Ex Post Facto Clause, the Ninth Amendment, the First Amendment's free speech clause, access to court, free association, freedom from deliberate indifference to his safety, access to the prison grievance procedures, freedom from retaliation and conspiracy, and his rights under state law were not violated.

Farr filed objections to the Magistrate Judge's Report on August 8, 2005. These objections primarily concern the process which Farr received; Farr argues that he should be entitled to review the prison's gang files, the Security Threat Group Plan, the administrative segregation plan, and all information used by the prison to classify him as a gang member, including the identities of informants or gang correspondents, and that if he is not allowed to do so, he is *ipso facto* denied due process.

This objection is plainly without merit. The Supreme Court has noted that the reality of prison gangs gives rise to a significant interest on the part of the State, explaining as follows:

> Prison security, imperiled by the brutal reality of prison gangs, provides the backdrop of the State's interest. Clandestine, organized, fueled by race-based hostility, and committed to fear and violence as a means of disciplining their own members and their rivals, gangs seek nothing less than to control prison life and to extend their power beyond prison walls.

The Court went on to say that:

> It follows that courts must give substantial deference to prison management decisions before mandating additional expenditures for elaborate procedural safeguards when correctional officers conclude that a prisoner has engaged in disruptive behavior.
>
> The State's interest must be understood against this background. Were Ohio to allow an inmate to call witnesses or provide other attributes of an adversary hearing before ordering transfer to [the supermax facility], both the State's immediate objective of controlling the prisoner and its greater objective of controlling the prison would be defeated. This problem, moreover, is not alleviated by providing an exemption for witnesses who pose a hazard, for nothing in the record indicates simple mechanisms exist to determine when witnesses may be called without fear of reprisal. The danger to witnesses, and the difficulty of obtaining their cooperation, make the probable value of an adversary-type hearing doubtful in comparison to its obvious costs.

<u>Wilkinson v. Austin</u>, 125 S.Ct. 2384, 2396-97 (2005). Farr's demand that prison officials open all of their records to the scrutiny of inmates, including possible gang members, clearly cannot be granted. As the Magistrate Judge concluded, the procedures set in place by the Texas prison officials strike an appropriate balance, preserving insofar as possible both the inmate's right to due process and the prison's interest in security. Farr's objection on this point is without merit.

Farr also objects to the Magistrate Judge's conclusions concerning his claims about the grievance procedure, his being forced to "falsify state documents," access to courts, the Ex Post

Facto Clause, his right to parole eligibility, the Ninth Amendment, his right to "create and maintain his own family," his rights under the Equal Protection Clause, deliberate indifference to his safety, retaliation, unreasonable search and seizure, the conditions of confinement in administrative segregation, conspiracy, and violations of state law.  A careful review of these objections, in connection with Farr's pleadings and testimony, reveals no merit in any of them.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto and all records, documents, and exhibits in the case.  Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.   It is further

ORDERED that to the extent that the Plaintiff raised state-law claims under the supplemental jurisdiction of the Court, the statute of limitations be and hereby is SUSPENDED from the date of the filing of this lawsuit, November 22, 2004, until thirty days after the date of entry of final judgment in this case.  It is further

ORDERED that the Plaintiff's motions for summary judgment and injunctive relief, as well as any and all other motions which may be pending in this cause, are hereby DENIED.

 **SIGNED this 19th day of August, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE